**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARON MIRON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. KRPAN, et al.,<br><br>    Defendants. | No. 2:18-CV-3267-JAM-DMC-P<br><br>FINDINGS AND RECCOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss. (ECF No. 13).

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff Aron Miron is a prisoner at California Health Care Facility in Stockton, CA and names the following as defendants: (1) J. Krpan; (2) K. Kaur; (3) N. Malakkla; and (4) A. Adams. See ECF No.1, pgs. 1-2. Plaintiff alleges two claims for relief under the 8th Amendment, as outlined below.

///
///
///
///

1

**Claim I – Request for Mattress**

Plaintiff suffers from constant pain due to a spinal injury. See ECF No. 1, pg. 3. Plaintiff alleges that a prior physician, not named in the complaint, authorized the use of a "pain-reducing mattress," but that defendant Dr. Kaur later revoked that authorization on April 10, 2018. Id. At the Institutional Level Response, Kaur denied plaintiff's request, stating that "…certain miscellaneous supplies or property, such as bedding…shall not be considered medical supplies, DME, or medically necessary accommodations and are not prescribed or ordered by health care staff." See ECF No. 1, pg. 22. Also, Kaur stated that "[m]edical needs can and do change over time . . . . The fact that you may have been allowed certain medical appliances or chronos at one prison and later denied one or more of the same chronos at a different prison . . . is not evidence of inadequate medical care . . . ." Id.

Plaintiff appealed the denial of the mattress to the highest level of the administrative process, Headquarters' Level Response, but was ultimately denied on July 25, 2018. See ECF No. 1, pg. 19. The denial stated in part, "[o]n April 3, 2018, you were seen and evaluated in the Physical Medicine and Rehabilitation clinic regarding your specialty mattress, where it was noted you had no skin breakdown or pressure ulcer history and you did not meet the criteria for a pressure reducing support surface…." Id.

Plaintiff claims that these denials amount to a violation of his 8th Amendment rights and that all named defendants "…bear some responsibility." See ECF No. 1, pg. 3.

**Claim II – Request for Knee Surgery**

Plaintiff also claims to suffer from "increasingly unbearable pain" in his left knee. See ECF No. 1, pg. 4. On April 18, 2017, an MRI exam was conducted on plaintiff's knee on the orders of defendant Dr. Krpan, after which, plaintiff requested medical treatment to help deal with the pain. Id. Krpan allegedly delayed providing plaintiff with medical treatment and lagged in ordering corrective surgery despite repeated requests by plaintiff. Id. Plaintiff filed a medical grievance but was denied by defendant Malakkla on October 18, 2017. Id.

///

///

On November 1, 2017, plaintiff had an orthopedic consultation, and the health care provider recommended left total knee replacement. See ECF No. 1, pg. 35. On December 2, 2017, plaintiff had a follow-up primary care provider encounter with Krpan regarding the consultation. Id. Krpan "noted" the orthopedic consultation's recommendation, but plaintiff allegedly refused surgery and instead requested a knee brace. Id. However, plaintiff denies making such a refusal and claims to have never been offered surgery. See ECF No. 1, pg. 4. After further requests for medical assistance, his grievance was once again denied on March 2, 2018. Id. Also, on May 7, 2018, plaintiff was noted as being able to ambulate with a walker, was in "no acute distress," and his "activities of daily living were not limited." See ECF No. 1, pg. 35. Since then, plaintiff has had to endure "…extreme pain and suffering…." See ECF No. 1, pg. 4. Plaintiff alleges this conduct constitutes a violation of his 8th Amendment rights.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

///
///
///
///
///
///

4

## III. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### A. Request for Special Mattress (Claim I)

#### 1. Defendants N. Malakkla and A. Adams

Here, as to defendants Malakkla and Adams, plaintiff has failed to allege facts which establish an 8th Amendment claim regarding the request for a pain-reducing mattress.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth

specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's complaint fails to articulate how Malakkla or Adams personally participated in the denial of his special-mattress request. Malakkla is only specifically referenced in regard to plaintiff's knee surgery request, not his mattress request, and Adams is not personally referenced at all. Even with the most generous of inferences given to plaintiff's complaint, the only causal connection between the denial of his mattress and these named defendants is plaintiff's statement that "[a]ll supervisory doctors at CHCF. [sic] bear some responsibility in this." ECF. 1, pg. 3. This is at best a conclusory allegation that does not identify each individual defendant's causal role in the alleged constitutional deprivation.

2. Defendant K. Kaur

Here, as to defendant Kaur, plaintiff has failed to allege facts which establish an 8th Amendment claim regarding the request for a pain-reducing mattress.

Plaintiff's complaint properly alleges that he is at risk of suffering from a serious medical condition. Plaintiff claims that, as a result of being denied the pain-reducing mattress, he is "unable to get adequate sleep" which may reduce his "constant pain and suffering." See ECF. No. 1, pg. 3. Severe and chronic pain is a sufficiently serious medical condition which may establish an 8th Amendment claim, (see Lopez, 203 F.3d at 1131-32). However, even assuming arguendo that plaintiff's medical condition is sufficiently serious, he has not set forth facts which plausibly establish that Kaur acted unnecessarily and wantonly for the purpose of inflicting harm. Under a theory of deliberate indifference, "…the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer at 837. Here, plaintiff's factual allegations, construed in the most generous light, do not propose that Kaur knew that plaintiff was in risk of serious injury or illness when he denied plaintiff the pain-reducing mattress. Plaintiff's complaint shows that his medical requests were reviewed, but ultimately denied because he did not meet the necessary medical criteria. See ECF. No. 1, pg. 19.

///

Plaintiff feels differently and argues that he should receive a pain-reducing mattress because he was previously authorized one. See ECF No.1, pgs. 18, 25. However, such a disagreement is ultimately a difference of opinion and does not support a plausible 8th Amendment claim. See Stamper v. Blackwell (E.D. Cal., Apr. 8, 2011, No. 1:10-CV-00155-SKO PC) 2011 WL 1344588, at 3 (demonstrating that the denial of specialized bedding which was previously authorized by a different official, does not, by itself, support a plausible 8th Amendment claim). This finding does not suggest that plaintiff's complaint is devoid of factual allegations of misconduct. Plaintiff alleges that Kaur was on notice that he suffered from pain and that Kaur was aware that a previous physician had thought it appropriate for plaintiff be given a special mattress as an accommodation. See ECF No.1, pg. 18. From this, it may be plausible to claim that Kaur failed to act in a reasonable manner by denying his request. However, this alleged failure to act in the face of plaintiff's pain at most gives rise to a claim of negligence. While this may be sufficient to allege common law medical malpractice, it does not establish an 8th Amendment claim. Therefore, plaintiff has failed to state a valid claim against defendant Kaur.

        3.      Defendant Krpan

In his opposition to defendants' motion, plaintiff concedes that defendant Krpan should be dismissed from Claim I. See ECF No. 16, pg. 2, lines 18-20.

    **B.**    **Request for Knee Surgery (Claim II)**

        1.      Defendant A. Adams

Under the standards outlined above, plaintiff has failed to establish a causal connection between defendant Adams' conduct and an alleged constitutional deprivation. Plaintiff's complaint is devoid of particular factual allegations aimed at Adams. Adams is only referenced in the complaint in his identification as a defendant and as Chief Medical Executive at California Health Care Facility. See ECF No. 1, pg. 2. There is no mention of what, if anything, defendant did or did not do in relation to plaintiff's delayed knee surgery. Without more facts, the Court cannot conduct any meaningful analysis as to Adams' causal role in the alleged constitutional deprivation. Therefore, plaintiff has failed to state a cognizable claim against A. Adams.

2. <u>Defendant J. Krpan</u>

Plaintiff has stated a cognizable claim of deliberate indifference against defendant Krpan regarding the deprivation of knee surgery.

In defendant's motion to dismiss, there is a comparison to <u>Merrit v. Cate</u> (2012). <u>See</u> ECF No. 13-1, pgs. 7-8 (referencing <u>Merritt v. Cate</u>, No. 1:11-CV-00887-GBC PC, 2012 WL 1413882 (E.D. Cal. Apr. 23, 2012). In that case an independent orthopedic surgeon recommended surgery to repair the torn meniscus of a prison inmate, but the inmate's primary care physician determined that surgery was not medically necessary, and opted instead for physical therapy, Ibuprofen, and self-directed exercises. <u>Id.</u> During screening, the court found that the inmate failed to state a claim because the inmate's claim was a mere difference of opinion. <u>Id.</u> (citing <u>Merritt v. Cate</u>, citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996)).

Defendant argues that, like that case, Krpan here determined that knee surgery was not necessary, finding that plaintiff could get by with a walker and knee brace, that he was not in distress, and that his activities of daily living were not impacted. ECF No.13-1, pg. 8 (citing ECF No. 1, pg. 35). However, this comparison does not consider the full context of plaintiff's complaint. Unlike the physician in <u>Merrit</u>, Krpan's proposed difference of opinion was made on May 7, 2018, roughly six moths after an outpatient orthopedic consultation recommended complete knee replacement surgery. <u>See</u> ECF No.1, pg. 35. In that six-month period, there is no record of Krpan dismissing the recommendation or disagreeing with it. On the contrary, the complaint's allegations, coupled with the attached documents, allow a reasonable inference that Krpan agreed with the recommendation.

Prior to the recommendation for surgery, Krpan ordered MRI scans of plaintiff's left knee, noted it as being in sub-par condition, and was aware of patient's outside orthopedic consultation. <u>See</u> ECF No.1, pgs. 13-14. Krpan was informed of the orthopedic recommendation of total knee replacement surgery and "noted it." <u>See</u> ECF No.1, pg. 35. It is not clear from the relevant document whether "noted it" means that Krpan agreed with the recommendation. However, given that all ambiguities at this stage must be resolved in the plaintiff's favor, coupled with the liberal interpretation allowed in the analysis of the pleadings of pro se litigants, it can

logically be inferred that, at the time, Krpan did agree with the recommendation.

After Krpan "noted" the recommendation, it was alleged that plaintiff "did not want to proceed with surgery but requested a knee brace." See ECF No. 1, pg. 25. This may suggest that plaintiff had the option to accept the recommended surgery with Krpan's, at least tacit, approval. Also, plaintiff's denial letter for further knee-based treatment at the highest administrative level states that his issues were discussed in December, 2017[1] and that he "elected to have a knee brace in lieu of surgery." See ECF No. 1, pg. 42. Again, this may plausibly demonstrate that plaintiff needed surgery and that the surgery would have been made available to him if accepted during his interaction with Krpan. Despite this, plaintiff was never scheduled for surgery, allegedly because he elected to forgo surgery in favor of a knee brace. However, plaintiff adamantly denies this refusal and argues that he was never offered surgery. See ECF No. 1, pgs. 37, 41. At this stage of litigation, these assertions must be taken as true. See Erickson, 551 U.S. at 93-94.

Therefore, from plaintiff's pleadings, it can plausibly be inferred that (1) plaintiff was suffering from chronic and severe pain in his left knee; (2) Krpan, as his primary care provider was made aware of this condition; (3) Krpan found it medically necessary to conduct MRI examinations and, if not ordered, at least acquiesced to orthopedic consultations; (4) those orthopedic consultations recommended a complete replacement surgery for the plaintiff's left knee; (5) Krpan concurred with this recommendation for at least six months; (6) despite this concurrence, ordered no such surgery; and (7) as a result of this denial, plaintiff continued to suffer chronic pain in his knee. While future discovery may dispel these inferences, at this early stage of litigation, the alleged facts must be construed in a light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236. Thus, plaintiff has sufficiently asserted an 8th Amendment claim of deliberate indifference against defendant Krpan regarding this issue.

///

---

[1] The document states, "Records indicate your issues were discussed and on December 12, 2017, you elected to have a knee brace in lieu of surgery." ECF No. 1, pg. 42. It is not clear whether this date was a clerical error and the letter meant to refer to the discussion with Krpan on December 2, 2017, or whether "December 12, 2017" refers to a separate discussion. Regardless, the substantive analysis is unaffected.

3. <u>Defendant N. Malakkla</u>

Plaintiff has failed to state a valid claim against defendant Malakkla. Plaintiff alleges that Malakkla denied his medical grievance on March 2, 2018 and that he "endure[d] extreme pain and suffering due to the inaction and deliberate indifference expressed by the medical staff…." <u>See</u> ECF No. 1, pg. 4. As discussed above in section (III)(1)(B), it is not enough for a plaintiff to allege facts from which a substantial risk of serious harm could be inferred; that inference must be alleged to have been made by the defendant. <u>See</u> <u>Farmer</u>, 511 U.S. at 837. Except for these two statements, one of which is simply a conclusory recitation of the law, plaintiff puts forth no other facts from which it could plausibly be asserted that Malakkla deprived plaintiff of his constitutional rights. Therefore, plaintiff has failed to assert an 8th Amendment claim against defendant Malakkla.

4. <u>Defendant Kaur</u>

In his opposition to defendants' motion, plaintiff concedes that defendant Kaur should be dismissed from Claim II. <u>See</u> ECF No. 16, pg. 2, lines 21-22.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (ECF No. 13) be granted in part and denied in part;

2. Defendants' motion be denied as to plaintiff's 8th Amendment claim against defendant J. Krpan regarding the request for knee surgery;

3. Defendants' motion to dismiss be granted as to all other claims and defendants;

4. Plaintiff be granted leave to file a first amended complaint, if he so wishes; and

///

///

///

5. If no first amended complaint is filed within the time permitted by the court, the action proceed on plaintiff's original complaint against defendant Krpan only on plaintiff's claim regarding the request for knee surgery.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

12