**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARON MIRON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. KRPAN,<br><br>    Defendant. | No.  2:18-CV-03267-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action.  Pending before the Court is Plaintiff's motion, ECF No. 39, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because: (1) he wants help to present and assess his case and (2) he is trying to assemble missing legal documents. See ECF No. 39, pg. 1. Needing help presenting and assessing a case or assembling legal documents are not exceptional circumstances. Additionally, Plaintiff has sufficiently been able to articulate his claims thus far. Finally, Plaintiff has not argued the likelihood of success on the merits. Plaintiff has made cognizable claims. However, there is a pending motion for summary judgment. As such, the Court will not evaluate Plaintiff's success on the merits at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 39, is denied.

Dated: November 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2